## Oakmont Realty Company v. Oakmont School District

*John R. Dierst, Jr.*, for plaintiff.

*Dickie, McCamey, Chilcote, Reif & Robinson*, for defendant.

THOMPSON, J., December 24, 1954.—Plaintiff prays that an order be made directing the officers of the School District of the Borough of Oakmont to join with the Borough of Oakmont and the County of Allegheny in conveying to him a certain lot in the Borough of Oakmont, which has been owned by three taxing bodies, the school district, the Borough of Oakmont and the County of Allegheny.

Mandamus has been described as a high prerogative writ. Here the court is asked to require the officials of another branch of the State Government to do a certain thing. The courts are very properly limited in their powers and must act with a great deal of care when the writ of mandamus is sought.

Before a court is permitted to issue a writ of mandamus directed to a public officer, there are two conditions which must exist.

First: It must appear that a clear legal right of plaintiff has been impaired.

Second: That the relief sought by plaintiff is the performance of a ministerial act since it does not lie in the power of the court to require the performance of a discretionary act.

We must, therefore, examine the complaint to determine whether it measures up to these two requirements.

The complaint avers that the Borough of Oakmont, the School District of the Borough of Oakmont and the County of Allegheny acquired by sheriff's deed title to a lot in the Borough of Oakmont described as the "Grace Runnette Flaccus property, Oakmont, Pa., Part of Lot No. 19 Meeds Oaks Plan, P. B. Vol. 22, p. 96, fronting 110 ft. easterly side 7th St. adjoining Lot No. 20 in said Plan x 150 ft."; that pursuant to an advertisement for the sale of the property, plaintiff submitted an offer of $1,015 for the property, which offer was accepted by the County of Allegheny and the Borough of Oakmont; that the Council of the Borough of Oakmont enacted ordinance no. 1378 on August 11, 1953, directing the proper officers of the borough to join with the County of Allegheny and the School District of the Borough of Oakmont in a deed to Fred Favo for the above-described property for the consideration of $1,015, and that subsequently the County of Allegheny by resolution directed the joinder of the county

commissioners in the conveyance of the aforesaid property, and that both the Borough of Oakmont and the County of Allegheny have executed a deed conveying their respective interests in the property to Fred Favo, trading and doing business as Oakmont Realty Company, and that this deed was submitted to the School District of the Borough of Oakmont for execution and that the latter has failed and refused to execute the same.

There is attached to and made a part of the complaint a copy of the agreement dated April 22, 1947, between the County of Allegheny and the School District of Oakmont Borough and the Borough of Oakmont regarding the foreclosure of property in the Borough of Oakmont for tax liens filed by the three taxing bodies and the taking of title thereto in the joint interest of the three parties and making provision for the subsequent sale thereof. Paragraph eighth of this agreement reads as follows:

"Eighth: All real estate title to which has been taken in the names of the three parties hereto, in accordance with the terms of this agreement, shall be sold as soon as possible after the time of redemption has passed for a price and upon terms agreeable to and fixed by all the parties, and the cost entailed in the sale thereof shall be borne by the parties hereto in proportion to their interest which is the amount of their respective taxes, tax liens and municipal claims against the property."

Later, on November 30, 1954, an amendment to the complaint was filed in which two paragraphs, nos. 11 and 12, are added to the original complaint.

"(11) That the Borough of Oakmont, the School District of the Borough of Oakmont and the County of Allegheny, in accordance with paragraph eighth of the agreement between the parties attached to the complaint as exhibit 'A', on August 28, 1951, agreed upon

and fixed a price of $900 for the property described in paragraph (6) of the complaint."

It is not clear from paragraph 11 above quoted just how the price of $900 therein mentioned had been agreed upon by the taxing bodies, but this is made more clear in the brief of plaintiff wherein it is stated that after the taxing bodies had obtained title to the property, known as the "Grace Runnette Flaccus property", and after the redemption period of one year had expired representatives of the three taxing bodies met on August 28, 1951, and fixed the price which would be acceptable to the three taxing bodies. The price for this property was fixed at $900. The three taxing bodies advertised the above property and fixed May 27, 1952, at 11 a.m. for the opening of bids in the office of the Board of County Commissioners. No bid for the property was received. On April 14, 1953, plaintiff submitted a bid to the Council of the Borough of Oakmont of $1,015, which was in excess of the amount the School District of the Borough of Oakmont, the County of Allegheny and the Borough of Oakmont had fixed as the lowest acceptable bid for the property.

We are, therefore, to understand that the agreement between the three taxing bodies for an upset price of $900 was a verbal understanding between the representatives of the school district, the borough and the county.

"(12) The Borough of Oakmont and the School District of the Borough of Oakmont and the County of Allegheny had established the practice for the sale of properties that had been acquired by tax foreclosures when the properties had not been purchased after the initial advertisement. The practice and custom has been that all bids received by the School District of the Borough of Oakmont are referred to the borough council for acceptance when the bids were for or in excess of the amount fixed by the taxing bodies. On numerous

occasions the bids received by the School District of the Borough of Oakmont have been transmitted to the Council of the Borough of Oakmont for its consideration and acceptance."

Since the contracts of municipalities are as a rule governed by statutory requirements, we do not think that the custom which has been averred would furnish a sufficient foundation for the issuance of a writ of mandamus.

The complaint nowhere avers that the school district at any time agreed to accept the sum of $1,015 for the Grace Runnette Flaccus property, nor did they pass a resolution authorizing a joinder with the other taxing bodies in a deed for that property, but on the contrary specifically declined to execute such a deed. It also does not appear that the school district ever by formal action or resolution agreed to accept the price of $900 as a selling price for the Grace Runnette Flaccus property, but that the price of $900 was fixed by an oral understanding of representatives of the three taxing bodies. At any rate the proposed sale with an upset price of $900 was never consummated since there were no bidders and a considerable interval intervened before plaintiff made his offer, and it is doubtful whether the taxing bodies any longer regarded themselves bound by the price of $900.

It does not appear that plaintiff was a party to any agreement for the sale of the property to him insofar as the school district was concerned. He made an offer, which the other two taxing bodies accepted, but which the school district never accepted. It does not appear that plaintiff was in any way concerned with the attempt to sell the property for the sum of $900 because there was no bidder at the sale. Plaintiff is apparently suing on the theory that he is a third-party beneficiary of an agreement for the sale of the Flaccus property by the three taxing bodies.

We are not satisfied that he has become entitled to recover as a third-party beneficiary, but even if this were otherwise plaintiff has failed to make out a clear legal right as respects defendant school district, and failing to establish a clear legal right this court would not be permitted to issue a writ of mandamus.

When we come to the next question of whether the conveyance by the school district of its interest in the Flaccus property would be a ministerial act, we feel that the complaint again fails to present a proper case for mandamus. Before the school district would be justified in selling its interest in a piece of real estate, it would have to exercise a discretionary power in determining what was the market value of the real estate in question. Since this action would involve discretion on the part of the school district and is not a mere ministerial act, the writ of mandamus would not, we think, be permissible.